# Milligan *v.* Browarsky, Appellant.

*Evidence judgment—Record.*

In an action to recover the value of certain empty beer barrels, the defendant offered in evidence the record of a judgment for the plaintiff before an alderman for the price of the beer sold in the barrels. It did not appear that any claim was made before the alderman for the value of the barrels, but the evidence showed that the defendant was to have a reasonable time to return the barrels after selling the beer. The judgment before the alderman was entered fifteen days after the last beer was sold. *Held*, that the record was not conclusive against the plaintiff and that it was properly excluded.

Argued Nov. 10, 1891.  Appeal No. 106, Oct. T., 1891, by defendant from judgment of C. P. No. 2, Allegheny Co., April T., 1889, No. 390, on verdict for plaintiff.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

Appeal by Hyman Browarsky from a judgment of an alderman in favor of A. A. Milligan for $269.20, the value of certain empty beer barrels alleged to have been retained by the defendant :

At the trial it appeared that the plaintiff, a wholesale beer dealer, sold beer to the defendant under an agreement that the empty barrels, half-barrels, quarter-barrels and eighths should be returned within a reasonable time, or paid for at a price agreed upon.  The testimony as to whether the barrels in controversy had been returned or not, was conflicting.

The defendant offered in evidence the transcript of alderman Tate, of the suit of A. A. Milligan against Hyman Browarsky brought Jan. 5, 1889, showing judgment against defendant for $273.13 for goods sold and delivered by plaintiff to defendant; also, a check in payment of the judgment.  The purpose of the offer was to show that at the time this suit was brought on Jan. 5, 1889, the amount claimed in said action, and for which judgment was entered on Jan. 10, 1889, was all that was due on any account whatever, especially on back account, from Hyman Browarsky to A. A. Milligan, and secondly for the purpose of showing that an action was brought to recover for beer, fifteen days after the account for which suit was brought, in this case ceased, and that the plaintiff cannot recover in this.

action for the packages, he having already recovered for the liquor sold by Milligan to the defendants, and for the purpose also of showing that he is barred from recovering in this action under the act of assembly in such cases made and provided.

Objected to as incompetent and irrelevant, and for the reason that the packages sued for in this case were not supposed to be empty, and that they had not, at that time, refused to return them, that the suit, the transcript of which is offered in evidence, was simply for the liquor, the payment of which was then due, and for the further reason that the matter is not set up in the affidavit of defence.

By the Court: I do not think that the record in that case is conclusive in this case. In the first place, the beer would have to be paid for as soon as delivered, and the empties have not to be returned until after Browarsky had sold the beer, and would be entitled to a reasonable time to gather in the empties and return, and in the second place, I think it is not embraced in the affidavit of defence in this case. For this reason the offer is overruled. Exception. [1]

The court charged in part as follows:

" Counsel has referred to one matter that may be considered by you but it is not conclusive, as I have ruled. It seems that the last beer was delivered some time in the latter part of December, 1888, and some fifteen or twenty days after that the plaintiff sued the defendant for the beer delivered up to that time, and recovered a judgment against the defendant for all the beer sold. At that time no claim was put in for empty vessels not returned. I ruled against the defendant on the ground that that was not conclusive against the plaintiff, as at that time he may not have discovered that the empty vessels had not been returned and the defendant would be entitled to a reasonable time for returning the vessels after having sold the beer. I leave it as a question for you under all the evidence, whether that throws any light upon it to you, the fact that at that time there was no claim made for empty vessels, in other words, whether this claim for empty vessels is a matter trumped up afterwards." [2]

Verdict and judgment for plaintiff for $180.81. Defendant appealed.

*Errors assigned* were (1) offer of evidence, quoting offer as above ; and (2) the portion of the charge quoted above.

*James Fitzsimmons,* of *Fitzsimmons & Robb,* for appellant.

*Lewis McMullen,* for appellee.

PER CURIAM, January 4, 1892.

This record is free from error. The offer of evidence referred to in the first specification was properly rejected. The suit before the alderman was for a different cause of action. The one was for the beer sold and delivered, the other was for the empty barrels. The attempt to use the record of the alderman as a bar to this suit was evidently an afterthought, as no reference was made to it in the affidavit of defence. Judgment affirmed.